**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **GENEVIEVE WILLIAMS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | Civil No. _____ |
| ) | |
| **MID-JEFFERSON EXTENDED** ) | |
| **CARE HOSPITAL, L.L.C.** ) | |
| ) | |
| **Defendant.** ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Mid-Jefferson Extended Care Hospital, L.L.C. ("Mid-Jefferson"), by its undersigned attorney, pursuant to 28 U.S.C. §§ 1441, *et seq.*, hereby removes this action styled *Genevieve Williams v. Mid-Jefferson Extended Care Hospital, L.L.C.,* Cause No. 0133253 currently pending in the County Court at Law No. 1 in Jefferson County, Texas to the United States District Court for the United States District Court for the Eastern District of Texas.  In support of this removal, and pursuant to 28 U.S.C. § 1446, Mid-Jefferson states:

1.      Plaintiff filed Plaintiff's Original Petition (hereinafter "Petition") in this action on January 23, 2019. A copy of the Petition is attached hereto as Exhibit 1 and is incorporated herein by reference.  The Petition was served on Mid-Jefferson on November 25, 2020.

2.      This is an action of a civil nature in which the district courts of the United States have been given original jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) in that there exists complete diversity of citizenship among Plaintiff and Defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3.    Under the provisions of 28 U.S.C. §1441 *et seq.*, the right exists to remove this cause of action from the County Court at Law No. 1 in Jefferson County, Texas to the United States District Court for the Eastern District of Texas, which embraces the place where this action is pending.

4.    Plaintiff is, and was at the time this action was commenced, an individual domiciled in Texas. Exhibit 1, Petition, ¶ 2; Exhibit 2, Plaintiff's Answer to Interrogatory No. 1.

5.    Mid-Jefferson is now, and was at the time this action commenced, a Louisiana limited liability company with its principal place of business in Louisiana.  Exhibit 1, Petition, ¶ 3; Exhibit 3, Louisiana Secretary of State Business Entity Search.

6.    In the Petition filed in Jefferson County Court at Law, Plaintiff expressly asserted that she seeks damages "less than $75,000; thus, any removal to federal court is done in bad faith." Exhibit 1, Petition, ¶ 3.  Based on this judicial assertion by Plaintiff, Mid-Jefferson did not seek to remove this case and instead filed its Original Answer in state court and served discovery to Plaintiff.

7.    Plaintiff served her Responses to Defendant's Requests for Disclosure on February 16, 2021. There, for the first time, Plaintiff asserted that her incurred medical expenses were at least $96,171.02; and in addition, she sought recovery for physical pain, mental anguish, physical impairment and/or disability. Exhibit 4, Plaintiff's Response to Request for Disclosure 194.1(d).

8.    Because this is a civil action in which Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, there is original jurisdiction under 28 U.S.C. § 1332(a)(1), and this case may be removed to this Court under 28 U.S.C. § 1441.

9.      This Notice of Removal is filed within thirty (30) days of receipt of Plaintiff's Responses to Requests for Disclosure that put Mid-Jefferson on notice that, despite the prior judicial assertion of Plaintiff, the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(b)(3). This removal is timely under 28 U.S.C. § 1446(c) because the Plaintiff affirmatively plead the amount in controversy would be less than $75,000 with the apparent intent to deter and prevent Mid-Jefferson from removing the action.  Later, when Plaintiff disclosed the amount of medical expenses that significantly exceeded $75,000, this response provided a basis for removal and triggered Mid-Jefferson's deadline to remove under 28 U.S.C. § 1332.  *See* 28 U.S.C. § 1446(c)(3)(B); *see Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992) (holding defendant removed the case within 30 days from the time it received answers to interrogatories stating that the amount in controversy was over $ 50,000); *see Cross v. Bell Helmets, USA*, 927 F. Supp. 209, 214 (E.D. Tex. 1996) (defendant provided by preponderance of evidence that amount in controversy exceeded requisite for jurisdiction citing *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938)) *see also Staton v. Wells Fargo Bank, N.A.*, 192 F. Supp. 2d 681, 684 (N.D. Tex. 2002) (defendant's receipt of interrogatory answers that provided specific insight that claimed relief exceeded jurisdictional requisite provided basis for removal).

10.     Pursuant to 28 U.S.C. 1446(d), a copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed in County Court at Law No. 1 in Jefferson County, Texas. A copy of the State Court Notice of Removal is attached as Exhibit 5.

11.     A copy of the Civil Cover Sheet submitted to this Court is attached as Exhibit 6 and is incorporated herein by reference.

12.     Pursuant to Local Rule CV-81(c), the list of all parties, current status of the case, the list of attorneys in the case, the list of parties requesting a jury trial, and the name and address

of the court from which this case was removed is attached as Exhibit 7 and is incorporated herein by reference. A copy of all pleadings that assert causes of action; all answers to such pleadings, and a copy of all process and orders served upon Mid-Jefferson are included as Exhibit 8. A certified copy of the state court docket sheet is attached at Exhibit 9.

WHEREFORE, for the above-stated reasons, Defendant Mid-Jefferson prays that Cause No. 0133253 now pending in the County Court at Law No. 1 in Jefferson County, Texas be removed to this Court without delay.

Respectfully submitted,

**ROBBINS TRAVIS PLLC**

By:  /s/ *Susan J. Travis*
      Susan J. Travis
      State Bar No. 20194750

2485 E. Southlake Blvd., Suite 160
Southlake, TX 76092
(817) 918-2300 Telephone
(817) 458-0414 Facsimile
sjt@robbinstravis.com

**COUNSEL FOR DEFENDANT**
**MID-JEFFERSON EXTENDED CARE**
**HOSPITAL, L.L.C.**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing document was served upon the following counsel in the following manner this **15<u>th</u> day of March, 2021**:

**<u>VIA E-FILING</u>**
Mark C. Sparks
The Ferguson Law Firm, L.L.P.
350 Pine Street, Ste. 1440
Beaumont, TX  77701
mark@thefergusonlawfirm.com

                                        /s/ *Susan J. Travis*
                                        Susan J. Travis

 CT Corporation

**Service of Process
Transmittal**
11/25/2020
CT Log Number 538654495

TO:  Alexander Leslie Blondeau Jr
     Mid-Jefferson Extended Care Hospital, L.L.C.
     10124 Jefferson Hwy
     Baton Rouge, LA 70809-2725

RE:  **Process Served in Texas**

FOR: Mid-Jefferson Extended Care Hospital, L.L.C.  (Domestic State: LA)
     *According to our records representation services for this entity have been discontinued in this jurisdiction.*

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | GENEVIEVE WILLIAMS, PLTF. vs. MID-JEFFERSON EXTENDED CARE HOSPITAL, L.L.C., DFT. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | JEFFERSON COUNTY - COUNTY COURT, TX<br>Case # 0133253 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/25/2020 postmarked on 11/23/2020 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Charlotte Foutz-Rogers<br>THE FERGUSON LAW FIRM, L.L.P.<br>350 Pine Street, Ste. 1440<br>Beaumont, TX 77701<br>409-832-9700 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780115473732 |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>8020 Excelsior Dr Ste 200<br>Madison, WI 53717-1998 |
| **For Questions:** | 877-467-3525<br>SmallBusinessTeam@wolterskluwer.com |

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| RETURN, PETITION, ATTACHMENT | By Certified Mail on 01/29/2019 postmarked on 01/25/2019 | Alexander Leslie Blondeau Jr Mid-Jefferson Extended Care Hospital, L.L.C. | 534821564 |

Page 1 of  1 / AS

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

**Exhibit 1**

CERTIFIED MAIL

CERTIFIED MAIL

stamps
.com

★1-UP Laser Form★
★USA CMF - 13A 10/19★



$6.900
US POSTAGE
FIRST-CLASS
FROM 77707
11/23/2020

stamps
endicia

9414 7118 9956 4114 9452 28

MID-JEFFERSON EXTENDED CARE HOSPITAL LLC
C/O CT CORPORATION
1999 BRYAN STREET SUITE 900
DALLAS TX 75201-3140

75201-314025



Exhibit 1

# THE STATE OF TEXAS

FILED FOR RECORD
Carolyn L. Guidry
1/23/2019 11:38 AM
COUNTY CLERK
JEFFERSON COUNTY
0133253

*1/23/2020*

TO: MID-JEFFERSON EXTENDED CARE HOSPITAL LLC
C/O CT CORPORATION SYSTEM, 1999 BRYAN ST, STE 900
DALLAS, TX 75201-0000

NOTICE:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served citation and petition, a default judgment may be taken against you.

Said answer may be filed by mailing same to:  CAROLYN L. GUIDRY, Jefferson County Clerk,  P.O. Box 1151, Beaumont, Texas 77704, or by bringing it to the office located at 1085 Pearl St., Beaumont, Texas 77701, on the first floor of the new annex.

The case is presently pending in the County Court at Law #1, located at 1149 Pearl St. 2nd floor, Beaumont, Texas 77701, and was filed in said Court on 01/23/19, and numbered 0133253 on the docket.

GENEVIEVE WILLIAMS
VS
MID-JEFFERSON EXTENDED CARE
HOSPITAL, L.L.C.

The name and address of attorney for plaintiff (otherwise the address of plaintiff) is:
ROGERS, CHARLOTTE FOUTZ
350 PINE STREET, STE 1440
BEAUMONT, TX 77701-0000
409-832-9700

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's _____ Original Petition _____

accompanying this citation and made a part hereof.

The officer executing this writ shall promptly service the same according to requirements of law, and the mandates hereof, and made due return as the law directs.

Issued and given under my hand and seal of said Court at Beaumont, Texas, this 01/23/19.

CAROLYN L. GUIDRY
County Court of Jefferson County at Law #1
OFFICE COPY

By _____

(DENISE TAYLOR) Deputy

CLERK NOTE: PRECINCT 1-CM/RRR

# DO NOT DUPLICATE

........................................................................
OFFICER OR AUTHORIZED PERSON'S RETURN

Came to hand on _____ day of _____, 20___, at _____ o'clock ___.M. and executed in _____ County, Texas by delivery to the with-in-named defendant in person a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying true and correct copy of the Plaintiff's petition, at the following time and place to-wit:

| Name | Address Where Served | Date | Time |
|------|----------------------|------|------|
|      |                      |      |      |
|      |                      |      |      |

FOR RULE 106 SERVICE: State person served or manner of service

FEE   $ _____

Signature of Authorized Person (Other than Sheriff or Constable)

_____
Sheriff or Constable

_____
County, Texas

CITATION

By _____, Deputy

DT

**Exhibit 1**

FILED FOR RECORD
Carolyn L. Guidry
1/23/2019 10:25 AM
COUNTY CLERK
JEFFERSON COUNTY
0133253

CAUSE NO. 0133253

| GENEVIEVE WILLIAMS | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| | § | |
| MID-JEFFERSON EXTENDED | § | |
| CARE HOSPITAL, L.L.C. | § | AT LAW NO. 1 |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, **GENEVIEVE WILLIAMS** ("Plaintiff"), and would file her Original Petition over and against **MID-JEFFERSON EXTENDED CARE HOSPITAL, L.L.C.** ("Defendant"). In support thereof, Plaintiff would show as follows:

**1.**

Plaintiff intends discovery to be conducted pursuant to Level 3, as set forth and governed by the Texas Rules of Civil Procedure.

**2.**

Your Plaintiff is a resident of Texas.

Upon information and belief, Defendant **MID-JEFFERSON EXTENDED CARE HOSPITAL, L.L.C.** is a limited liability company formed in the State of Louisiana but doing constant business in the State of Texas. It may be served with process by mailing a copy of the Petition to their registered agent: CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

DT

**Exhibit 1**

**3.**

This Court has venue as Defendant conducts significant business in Jefferson County, Texas. Although the amount of damages to be awarded Plaintiff for her actual damages is a matter lying within the discretion of the finder of fact, your Plaintiff would show that it is in excess of the minimum jurisdictional limits of this Court. At this time, Plaintiff seeks less than $75,000; thus, any removal to federal court is done in bad faith.

**4.**

This suit is brought by Plaintiff for those damages to which she is entitled to recover from Defendant as a result of her personal injuries sustained on or about February 23, 2018 at Mid-Jefferson Extended Care Hospital, L.L.C. in Nederland, Texas. At all times material hereto, Defendant owned, controlled, and/or operated the premises in question.

Ms. Williams entered upon said premises in response to an express or implied invitation by Defendants. While in Mid-Jefferson Extended Care Hospital, L.L.C., Ms. Williams slipped and fell due to a dangerous condition. This incident, and the injuries resulting therefrom, were brought about to occur and were proximately caused by the negligence of the Defendant.

**5.**

At all times mentioned herein, Defendant had such control over the premises in question and Defendant owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

Said Defendant and/or its agents, servants and employees negligently, willfully, and/or knowingly permitted the area in question to become dangerous; negligently, willfully, and/or knowingly allowed such condition to continue; and negligently willfully and/or

**Exhibit 1**

knowingly failed to warn Plaintiff of the dangerous condition.  This condition existed despite the fact that Defendant and/or its agents, servants and employees knew or should have known of the existence of the aforementioned condition and that there was a likelihood of a person being injured as occurred to Plaintiff.

Defendant furthermore had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff.  This duty includes the duty to inspect and the duty to warn or to cure.  Defendant failed to inspect, warn, and/or cure.

As a result of this accident, Plaintiff sustained severe and disabling injuries and damages, which will be set out more fully hereinafter.  This accident and the resulting injuries were brought about to occur and were proximately caused by the negligence of the Defendant.  The following acts and omissions *included, but not limited to,* below illustrate how Defendant was negligent:

    a.    In failing to properly inspect and maintain the area in question;

    b.    In failing to maintain the area in a reasonably safe condition;

    c.    In failing to give adequate and understandable warnings to Plaintiff of the unsafe condition;

    d.    In failing to discover and remove the dangerous condition within a reasonable time;

    e.    In failing to use the care of a reasonably prudent person under the same or similar circumstances;

    f.    In failing to place any warning signs; and

    g.    In committing various other acts and/or omissions of negligence, both statutorily and at common law, to be specified at the time of trial.

Exhibit 1

**6.**

As a result of this incident your Plaintiff has sustained the following injuries, damages and losses:

    a. Medical and other health care related expenses, both past and future;

    b. Physical pain and suffering, both past and future;

    c. Mental anguish, both past and future;

    d Physical impairment, both past and future; and

    e. Physical disfigurement, both past and future.

In addition, Plaintiff says that if it be shown that she had a pre-existing disease or condition, thens he will show that same was neither painful or disabling and that as a result of the injuries inflicted upon her by the negligence of Defendant, Plaintiff's disease(s) or condition(s) were aggravated or incited to the extent that same became painful, disabling and proximately caused the damages described above.

Plaintiff asserts a claim for pre-judgment and post-judgment interest for all elements of damages that such interest is allowed. Plaintiff also asserts a claim for court costs for all costs where such is allowed.

All of the above-listed elements of damages were brought about to occur and were proximately caused by the negligence of the Defendant herein.

**7. Request for Disclosure**

Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

**Exhibit 1**

**8.**

All conditions precedent to Plaintiff's claim for relief has been performed or has occurred.

**9. Rule 193.7 Notice**

This is given as notice to the Defendant that Plaintiff intends to use all of Defendant's discovery responses as evidence at trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

**10.**

Plaintiff fully reserves the right to amend or supplement this Petition.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein, that upon final trial hereof, the Plaintiff recover against Defendant all of Plaintiff's damages as set forth herein as well as pre-judgment and post-judgment interest at the legal and lawful rate, all costs of court, and all other and further relief, at law or in equity, to which your Plaintiff may be justly entitled.

Respectfully submitted,

**THE FERGUSON LAW FIRM, L.L.P.**

By: */S/ Charlotte Foutz-Rogers*
Cody Dishon
State Bar No. 24082113
Charlotte Foutz-Rogers
State Bar No. 24038068
350 Pine Street, Ste. 1440
Beaumont, Texas 77701
T. (409) 832-9700
F. (409) 832-9708
Email: crogers@thefergusonlawfirm.com

**ATTORNEY FOR PLAINTIFF**

Exhibit 1

CAUSE NO. 0133253

| | |
|---|---|
| GENEVIEVE WILLIAMS, | §IN THE COUNTY COURT OF |
| Plaintiff, | § |
| | § |
| vs. | §JEFFERSON COUNTY, TEXAS |
| | § |
| MID-JEFFERSON EXTENDED | § |
| CARE HOSPITAL, L.L.C., | § |
| Defendant. | §AT LAW NO. 1 |

### PLAINTIFF'S RESPONSES AND OBJECTIONS TO REQUESTS FOR INTEROGGATORIES

TO:   Defendant, MID JEFFERSON EXTENDED CARE HOSPITAL, L.L.C., by and through their attorney of record, Susan J. Travis, ROBBINS TRAVIS, PLLC. 2485 E. Southlake BLVD., Suite 160, Southlake, TX.

COMES NOW, Plaintiff, Genevieve Williams, in the above entitled and number cause, and pursuant to Texas Rule 197, provides her Responses to Interrogatories.

Respectfully submitted,

**THE FERGUSON LAW FIRM, LLP**

By: */s/Mark C. Sparks*
Mark C. Sparks
State Bar No. 24000273
mark@thefergusonlawfirm.com
Layne Walker
State Bar No. 24118580
lwalker@thefergusonlawfirm.com
350 Pine Street, Ste. 1440
Beaumont, Texas 77701
T. (409) 832-9700
F. (409) 832-9708

**ATTORNEYS FOR PLAINTIFF**

Exhibit 2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record in accordance with the Texas Rules of Civil Procedure on this, the 16th day of February, 2021.

<u>/s/ Mark C. Sparks</u>
Mark C. Sparks

**Exhibit 2**

## II. **INTERROGATORIES**

**INTERROGATORY NO. 1:**   Please identify Plaintiff by stating her address, date of birth, place of birth, social security number, driver's license number, addresses for the past five (5) years, and if Plaintiff has been known by any other name(s) at any other time, state all of her former names and aliases.

**NOTE:** Other names include maiden names, names from former or subsequent marriages, and name changes of any form, whether made pursuant to courtorder or otherwise.

**ANSWER:**   **Genevieve Renee Hoffpauir Douget Williams**

**3494 Little Cypress Dr. Orange, TX 77632**

**DOB:** ████████

**SSN:** ████████████

**DL:** ████████

**Past Address: 6430 Lafleur Rd. Orange, TX 77630**

**Plaintiff reserves the right to supplement.**

**INTERROGATORY NO. 2:** Please identify Plaintiff's employment history for the past ten (10) years. For each employer and/or business with whom you worked, please identify the address, telephone number, immediate supervisor, your job titles or descriptions, your salary, andif self-employed, so state.

**NOTE:** Please include all "part-time," "second," or "off-duty" jobs.

**ANSWER:**   **Plaintiff objects to this request as it is not within the scope of discovery, is not relevant, and would not lead to admissible evidence. Plaintiff further objects that this request is unduly burdensome, harassing, or overly broad. Subject to the foregoing objections and without waiving the same:**

**Sam's Club from 2000 or 2001 to 2012**

**406 N. Brentwood, Lufkin, TX 75904**

**(936) 639 – 1700**

**Mike Hampton**

**Inventory Auditor**

**Plaintiff reserves the right to supplement.**

**INTERROGATORY NO. 3:** Identify, by date and addressee, each communication, including but not limited to, any telephone conversation, tape recording, correspondence, memoranda and/or discussion between Plaintiff and/or her representatives, and the Defendant and/or its agents, servants, employees or representatives regarding any of the claims set out in Plaintiff's Original Petition or any subsequent Petition filed in this cause.

**ANSWER:**   **None. Plaintiff reserves the right to supplement.**

Exhibit 2

**INTERROGATORY NO. 4:** Please identify by name, address and telephone number, any person expected to be called to testify as a witness at trial pursuant Texas Rule of  CivilProcedure 192.3(d).

ANSWER:      **Plaintiff objects to this request as it seeks information that is not reasonably available. Subject to the foregoing objection and without waiving the same:**

**Please see all medical records, medical bills, and my fully executed authorization, produced or made available to you. Finally, Plaintiff tenders responsive documents for inspection and copying at a mutually convenient time at the undersigned law offices. Plaintiff reserves the right to supplement.**


**INTERROGATORY NO. 5:** Please identify all tangible objects that Plaintiff or anyone acting on her behalf has inspected and/or is preserving for use as physical evidence as to any claim Plaintiff is making in this case and further identify the person having custody of each such tangible object described.

ANSWER:      **Plaintiff objects to this request as it seeks information that is not reasonably available. Subject to the foregoing objection and without waiving the same: Plaintiff has not performed an inspection at this time. Plaintiff reserves the right to supplement.**

**INTERROGATORY NO. 6:** Please identify (*by name, address, telephone number*) all doctors, hospitals, clinics or other health care providers, including any outpatient health care facilities who/which have examined, treated or provided care or treatment to you beginning ten (10) years prior to the Incident. Please include in this answer the actual, or the approximate dates for each such examination, treatment, or care.

**ANSWER:      Plaintiff objects to this request, as it is not within the scope of discovery, is not relevant, and would not lead to admissible evidence. Plaintiff further objects to this request, as it is not within the scope of discovery, not relevant and would not lead to the discovery of admissible evidence.  Plaintiff also objects to this request as it is unduly burdensome, harassing or overly broad. Subject to said objection, Plaintiffs assert physician-patient or psychotherapist privileges, as well as right-to privacy privileges established by the Texas and United States Constitution. *R.K. v. Ramirez*, 887 S.W.2d 836, 842 (Tex.1994); *In Re Christus Health Southeast Texas*, 167 S.W.3d 596,602 (Tex.App.-Beaumont 2005); See *In Re Leatherwood*, 1998 WL 800341 (Tex.App.-San Antonio 1998, no pet.) (not designated for publication) permitting discovery of medical records to attack a witness's credibility would have a chilling effect on an injured party's decision to seek relief which is not the intended result of the patient litigation exception. Subject to, and without waiving the foregoing objections:**

**Please see Plaintiff's Medical and Billing Records, Williams00001-00202. Subject to these responses, please see the fully executed authorization attached hereto giving access to the same. Finally, Plaintiff tenders responsive documents for inspection and copying at a mutually convenient time at the undersigned law offices. Plaintiff reserves the right to supplement.**

**INTERROGATORY NO. 7:** Please describe in detail all personal injuries sustained  by Plaintiff, either physical or mental, that allegedly resulted from the Incident, specifically identifying the part(s) of the body affected. Include in this answer the date the injury first occurred, all medical practitioners Plaintiff has consulted for such injuries and the current status of such injuries.

**Exhibit 2**

**ANSWER**:    Plaintiff objects to this request as it is not within the scope of discovery, is not relevant, and would not lead to admissible evidence. Plaintiff further objects that this request is unduly burdensome, harassing, or overly broad as well as invades personal, constitutional, and/or property rights. *Hoffman v. 5th Court of Appeals,* 756 S.W.2d 723 (Tex. 1988) Subject to the foregoing objections and without waiving the same:

I suffer from neck and back injuries that continue to bother me today. The pain gets worse over time. Please refer to my medical records, Williams00001-00202. Subject to these responses, please see the fully executed authorization attached hereto giving access to the same. Finally, Plaintiff tenders responsive documents for inspection and copying at a mutually convenient time at the undersigned law offices. Plaintiff reserves the right to supplement.

**INTERROGATORY NO. 8:** Please describe any other accidents, injuries and illnesses sustained by Plaintiff <u>since</u> the Incident, including the date and nature of the accident or injury, specifically identifying the part(s) of the body injured. Please include in this answer the identity of all medical practitioners or medical facilities who/which provided care or treatment for such injuries or illnesses.

**ANSWER:**    Plaintiff objects to this request as it is not within the scope of discovery, is not relevant, and would not lead to admissible evidence. Plaintiff further objects that this request is unduly burdensome, harassing, or overly broad as well as invades personal, constitutional, and/or property rights. *Hoffman v. 5th Court of Appeals,* 756 S.W.2d 723 (Tex. 1988) Subject to the foregoing objections and without waiving the same:

I suffer from neck and back injuries that continue to bother me today. The pain gets worse over time. Please refer to my medical records, Williams00001-00202. Subject to these responses, please see the fully executed authorization attached hereto giving access to the same. Finally, Plaintiff tenders responsive documents for inspection and copying at a mutually convenient time at the undersigned law offices. Plaintiff reserves the right to supplement.

**INTERROGATORY NO. 9:** Please identify all doctors, hospitals, clinics or other health care providers, including any outpatient health care facilities who/which have examined, treated or provided care or treatment to you <u>since</u> the Incident. Please include in this answer the actual, or the approximate dates for each such examination, treatment, or care.

**ANSWER:**    Plaintiff objects to this request as it is not within the scope of discovery, is not relevant, and would not lead to admissible evidence. Plaintiff further objects that this request is unduly burdensome, harassing, or overly broad as well as invades personal, constitutional, and/or property rights. *Hoffman v. 5th Court of Appeals,* 756 S.W.2d 723 (Tex. 1988) Subject to the foregoing objections and without waiving the same:

Please refer to my medical records, Williams00001-00202. Subject to these responses, please see the fully executed authorization attached hereto giving access to the same. Finally, Plaintiff tenders responsive documents for inspection and copying at a mutually convenient time at the undersigned law offices. Plaintiff reserves the right to supplement.

**INTERROGATORY NO. 10:** If Plaintiff has been convicted of a felony involving moral

**Exhibit 2**

turpitude or any crime involving truthfulness such as bribery, perjury, theft or false swearing, then please state the cause number, venue, names of all parties and convictions for each such felony or other crime involving truthfulness.

**ANSWER:    Not applicable.**


**INTERROGATORY NO. 11:** If Plaintiff has ever been a party to a previous lawsuit and/or involved in a previous claim for workers' compensation or non-subscriber benefits, then please list the style of the lawsuit, the cause number and court, and disposition of each and every lawsuit and/or claim.

**ANSWER:    Not applicable.**


**INTERROGATORY NO. 12**: Please identify any and all pharmacies in which Plaintiff has filled or otherwise obtained any prescriptions for medications in the last ten (10) years.

**ANSWER**:    **Walmart Pharmacy's in Orange, Bridge City and Nederland.  Plaintiff reserves the right to supplement.**


**INTERROGATORY NO. 13:** **If you intend or may use impeachment efforts at the trial of this case concerning any conviction of any crime committed by Plaintiff, Defendant, Defendant's designated experts and/or, persons listed by Defendant as having knowledge of relevant facts or response to interrogatories propounded by any Plaintiff in this case, please list each such person who may be impeached, together with the specific crime and date of such crime for which you intend or may impeach such person.**


ANSWER:    **Plaintiff objects to this request as it seeks information that is not reasonably available. Subject to the foregoing objection and without waiving the same: Discovery is ongoing, and Plaintiff will supplement as responsive information is obtained. Plaintiff reserves the right to supplement.**



**INTERROGATORY NO. 14:** Please describe the "dangerous condition" you alleged in Paragraph 4 of Plaintiff's Original Petition existed at the time of the incident, and state the time of the incident, the location of such condition, how long you contend Defendant knew of such condition, and what prevented you from having knowledge of such condition.

**ANSWER:    Plaintiff objects to this request as it improperly requires Plaintiff to marshal all her proof and is a fishing expedition in contravention to *Loftin v. Martin*, 776 S.W.2d 145 (Tex. 1989); *Texaco, Inc. v. Doningues*, 812 S.W.2d 451 (Tex.App.San Antonio 1991). Subject to the foregoing objections and without waiving the same:**

**The floor was wet without a sign.**

**INTERROGATORY NO. 15:** Please identify all persons who had personal knowledge of the presence of the "dangerous condition" prior to the incident, and state the time each person had such knowledge.

**Exhibit 2**

ANSWER:    Plaintiff objects to this request as it improperly requires Plaintiff to marshal all her proof and is a fishing expedition in contravention to *Loftin v. Martin*, 776 S.W.2d 145 (Tex. 1989); *Texaco, Inc. v. Donìngues*, 812 S.W.2d 451 (Tex.App.San Antonio 1991). Plaintiff further objects that this request seeks information that is not reasonably available. Subject to the foregoing objections and without waiving the same:

Please see my deposition once taken as well as Plaintiff's Original Petition.

**INTERROGATORY NO. 16:** Please state whether or not you made a claim with any other insurance company for payment of any medical expenses or for payment of any benefits whatsoever as a result of the incident made the basis of this suit. If so, please state the name and address of the insurance company and your policy number or identification number and the amount, if applicable, paid by such insurance company.

**ANSWER:**    Plaintiff will supplement.

**INTERROGATORY NO. 17:** Please state the amount of medical or health care expenses that have actually been paid or are payable on behalf of Plaintiff after any Medicare or health insurance reimbursement or adjustments were made.

**ANSWER:**    Plaintiff objects to this request as it is not within the scope of discovery, is not relevant, and would not lead to admissible evidence. Plaintiff further objects that this request is unduly burdensome, harassing, or overly broad as well as invades personal, constitutional, and/or property rights. *Hoffman v. 5th Court of Appeals,* 756 S.W.2d 723 (Tex. 1988) Subject to the foregoing objections and without waiving the same:

Please refer to my medical records, Williams00001-00202. Subject to these responses, please see the fully executed authorization attached hereto giving access to the same. Finally, Plaintiff tenders responsive documents for inspection and copying at a mutually convenient time at the undersigned law offices. Plaintiff reserves the right to supplement.

**INTERROGATORY NO. 18:** Has an employee or agent of Plaintiff or Plaintiff's attorney been assigned the duties of, or undertaken to make visual observation of Defendant at any time or place since the date of  Plaintiff's injury/accident made the basis of this lawsuit, or has any outside investigator been hired or retained to perform such surveillance or visual observation of Defendant's property or equipment made the basis of this lawsuit or to interview Defendant's employees?  If your answer is in the affirmative, please include the name, job title, and address of such person(s).

**ANSWER:**    Not applicable.

**INTERROGATORY NO. 19:** State all efforts and attempts made by Plaintiff's counsel to serve Defendant with Plaintiff's Original Petition and include in this answer the date each effort / attempt was made.

**ANSWER:**    Please see Williams00203-00207 and Williams00208-00210.

**Exhibit 2**

State of
Louisiana
Secretary of
State



**COMMERCIAL DIVISION**
**225.925.4704**

Fax Numbers
225.932.5317 (Admin. Services)
225.932.5314 (Corporations)
225.932.5318 (UCC)

| Name | Type | City | Status |
|------|------|------|--------|
| MID-JEFFERSON EXTENDED CARE HOSPITAL, L.L.C. | Limited Liability Company | BATON ROUGE | Active |

**Previous Names**

| | |
|---|---|
| **Business:** | MID-JEFFERSON EXTENDED CARE HOSPITAL, L.L.C. |
| **Charter Number:** | 40573981K |
| **Registration Date:** | 7/27/2011 |

**Domicile Address**

10124 JEFFERSON HIGHWAY

BATON ROUGE, LA 70809

**Mailing Address**

C/O ALEXANDER L. BLONDEAU

10124 JEFFERSON HIGHWAY

BATON ROUGE, LA 70809

## Status

| | |
|---|---|
| **Status:** | **Active** |
| **Annual Report Status:** | **In Good Standing** |
| **File Date:** | 7/27/2011 |
| **Last Report Filed:** | 7/8/2020 |
| **Type:** | Limited Liability Company |

## Registered Agent(s)

| | |
|---|---|
| **Agent:** | ALEXANDER L. BLONDEAU |
| **Address 1:** | 10124 JEFFERSON HIGHWAY |
| **City, State, Zip:** | BATON ROUGE, LA 70809 |
| **Appointment Date:** | 7/27/2011 |

## Officer(s)

Additional Officers: No

| | |
|---|---|
| **Officer:** | ALEXANDER L. BLONDEAU |
| **Title:** | Manager |
| **Address 1:** | 10124 JEFFERSON HIGHWAY |
| **City, State, Zip:** | BATON ROUGE, LA 70809 |

| | |
|---|---|
| **Officer:** | DOUGLAS B. BOULWARE |
| **Title:** | Manager |
| **Address 1:** | 1000 CHINABERRY DR., SUITE 200 |
| **City, State, Zip:** | BOSSIER CITY, LA 71111 |

**Exhibit 3**

## Amendments on File
### No Amendments on file

Print

Exhibit 3

CAUSE NO. 0133253

| | | |
|---|---|---|
| GENEVIEVE WILLIAMS, | § | IN THE COUNTY COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| MID-JEFFERSON EXTENDED | § | |
| CARE HOSPITAL, L.L.C., | § | |
| Defendant. | § | AT LAW NO. 1 |

## <u>PLAINTIFF'S RESPONSES TO DEFENDANT'S<br>REQUEST FOR DISCLOSURES</u>

TO:    Defendant, MID JEFFERSON EXTENDED CARE HOSPITAL, L.L.C., by and through their attorney of record, Susan J. Travis, ROBBINS TRAVIS, PLLC. 2485 E. Southlake BLVD., Suite 160, Southlake, TX.

    COMES NOW, Plaintiff, Genevieve Williams, in the above entitled and number cause, and pursuant to Texas Rule 194, provides her Responses to Disclosure.

Respectfully submitted,

**THE FERGUSON LAW FIRM, LLP**

By: _/s/Mark C. Sparks_
Mark C. Sparks
State Bar No. 24000273
mark@thefergusonlawfirm.com
Layne Walker
State Bar No. 24118580
lwalker@thefergusonlawfirm.com
350 Pine Street, Ste. 1440
Beaumont, Texas 77701
T. (409) 832-9700
F. (409) 832-9708

**ATTORNEYS FOR PLAINTIFF**

Exhibit 4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record in accordance with the Texas Rules of Civil Procedure on this, the 16th day of February, 2021.

*/s/ Mark C. Sparks*
Mark C. Sparks

Exhibit 4

### PLAINTIFF'S RESPONSES TO DEFENDANT KOLTON HORN'S REQUEST FOR DISCLOSURES

(a)    the correct names of the parties to the lawsuit;

**RESPONSE:**

**Genevieve Williams**
**Mid Jefferson Extended Care Hospital, L.L.C.**

(b)    the name, address, and telephone number of any potential parties;

**RESPONSE:**

**None at this time. Plaintiff reserves the right to supplement this request, if necessary, as discovery in this matter is ongoing.**

(c)    the legal theories and, in general, the factual basis of the Plaintiffs' claims;

**RESPONSE:**

This suit is brought by Plaintiff for those damages to which she is entitled to recover from Defendant as a result of her personal injuries sustained on or about February 23, 2018 at Mid-Jefferson Extended Care Hospital, L.L.C. in Nederland, Texas.  At all times material hereto, Defendant owned, controlled, and/or operated the premises in question.

Ms. Williams entered upon said premises in response to an express or implied invitation by Defendants.  While in Mid-Jefferson Extended Care Hospital, L.L.C., Ms. Williams slipped and fell due to a dangerous condition.  This incident, and the injuries resulting therefrom, were brought about to occur and were proximately caused by the negligence of the Defendant.

### NEGLIGENCE OF MID JEFFERSON EXTENDED CARE HOSPITAL L.L.C.

At all times mentioned herein, Defendant had such control over the premises in question and Defendant owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

**Exhibit 4**

Said Defendant and/or its agents, servants and employees negligently, willfully, and/or knowingly permitted the area in question to become dangerous; negligently, willfully, and/or knowingly allowed such condition to continue; and negligently willfully and/or knowingly failed to warn Plaintiff of the dangerous condition.  This condition existed despite the fact that Defendant and/or its agents, servants and employees knew or should have known of the existence of the aforementioned condition and that there was a likelihood of a person being injured as occurred to Plaintiff.

Defendant furthermore had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff.  This duty includes the duty to inspect and the duty to warn or to cure.  Defendant failed to inspect, warn, and/or cure.

As a result of this accident, Plaintiff sustained severe and disabling injuries and damages, which will be set out more fully hereinafter.  This accident and the resulting injuries were brought about to occur and were proximately caused by the negligence of the Defendant.  The following acts and omissions *included, but not limited to*, below illustrate how Defendant was negligent:

a.      In failing to properly inspect and maintain the area in question;

b.      In failing to maintain the area in a reasonably safe condition;

c.       In failing to give adequate and understandable warnings to Plaintiff of the unsafe condition;

d.      In failing to discover and remove the dangerous condition within a reasonable time;

e.      In failing to use the care of a reasonably prudent person under the same or similar circumstances;

f.      In failing to place any warning signs; and

g.      In committing various other acts and/or omissions of negligence, both statutorily and at common law, to be specified at the time of trial.

**Exhibit 4**

## PLAINTIFF GENEVIEVE WILLIAMS' DAMAGES

As a result of the collision made the basis of this lawsuit, Plaintiff **GENEVIEVE WILLIAMS** suffered severe, significant, disabling and life-altering personal injuries, damages and losses.  As such, she is entitled to recover and hereby sues for the recovery of the following elements of damages:

(1)     Reasonable and necessary medical and other health care-related expenses sustained in the past and which, in reasonable probability, she will sustain in the future;

(2)     Loss and/or impairment of earnings and/or earning capacity sustained in the past and which, in reasonable probability, she will sustain in the future;

(3)     Physical pain sustained in the past and which, in reasonable probability, she will sustain in the future;

(4)     Mental anguish and emotional distress sustained in the past and which, in reasonable probability, she will sustain in the future;

(5)     Physical impairment sustained in the past and which, in reasonable probability, she will sustain in the future;

(6)     Physical disfigurement sustained in the past and which, in reasonable probability, she will sustain in the future;

(7)     Loss and/or impairment of his enjoyment of life sustained in the past and which, in reasonable probability, she will sustain in the future;

(8)     Loss of consortium; and

(9)     Such further legal and equitable relief as this court may deem proper.

Plaintiff **GENEVIEVE WILLAMS** would show the above-stated damages, injuries and losses were brought to occur, and were legally and proximately caused, by the negligence of Defendant.

As a result of the facts described above, the Plaintiff has been made to suffer and sustain at the hands of the Defendants these damages, as well as general and special damages, for which the Plaintiff affirmatively seeks from the Defendants.

Exhibit 4

(d)      the amount and any method of calculating economic damages;

**RESPONSE:**

| **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*** | | | | |
|---|---|---|---|---|
| **TOTAL INCURRED MEDICAL EXPENSES FOR G. Williams 800-1** | | | | |
| **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*** | | | | |
| **DATE(S) OF TREATMENT** | **HEALTH CARE PROVIDER (NAME)** | **PAID** | **OWED** | **TOTAL** |
| **2/23/2018** | **SETX Imaging** | **$39.30** | **$10.02** | **$49.32** |
| **2/23/2018** | **Acadian Ambulance** | **$283.80** | **$0.00** | **$283.80** |
| **2/23/2018-3/02/2018** | **Medical Center of SETX** | **$453.14** | **$84.65** | **$537.79** |
| **4/05/2018-10/22/2018** | **SETMA** | **$455.15** | **$280.96** | **$736.11** |
| **3/21/2018-9/12/2018** | **Catalyst Medical & Gulf Coast Injury Rehab** | **$94,564.00** | **$0.00** | **$94,564.00** |
| | **TOTAL =** | **$95,795.39** | **$375.63** | **$96,171.02** |

**Plaintiff believes that the best and most accurate method to calculate Plaintiff's total damages is for a jury of his peers in Jefferson County to listen to the evidence and make a fair determination.  While Ms. WILLIAMS has received significant and quality medical care, she continues to treat and experience pain/discomfort in her back and neck.  Plaintiff has provided a signed authorization produced for requesting party to obtain her medical**

Exhibit 4

and billing records. Additionally, Plaintiff refers Defendant to all medical and billing records that were previously e-filed. Plaintiff reserves her right to supplement.

Based on Plaintiff's understanding of the law and the facts known at this time regarding the acts of Defendant proximately causing her injuries and damages, it is her opinion that a jury of fair and reasonable people would be justified in establishing damages in this case, which will include damages for medical, physical pain, mental anguish, physical impairment and/or disability. A jury may further be justified in establishing actual and exemplary damages against the individual Defendant, in addition to all other elements of recovery allowed by law.

Plaintiff reserves the right to supplement.

(e)     the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

**RESPONSE:**

**GENEVIEVE WILLIAMS**
**c/o Mark C. Sparks**
**The Ferguson Law Firm, LLP**
**350 Pine St., Suite 1440**
**Beaumont, Texas 77701**
*Plaintiff*

**MID JEFFERSON EXTENDED CARE HOSPITAL, L.L.C.**
**c/o Susan J. Travis**
**Mehaffy Weber**
**2485 E. Southlake Blvd.,**
**Southlake, TX 76092**
*Defendant*

**Employees, Doctors, and Custodians of Medical and/or Patient Account Records for the following medical providers:**

**Kevin Gilbert**
**Acadian Ambulance**
**130 E. Kaliste Saloom Rd.**
**Lafayette, LA 70508**
*Treating Physician*

The custodians of records will testify as to the records kept in the ordinary course of business, which pertain to the Plaintiffs.

Exhibit 4

Plaintiffs reserve the right to cross-examine and elicit the testimony of any person with knowledge designated and/or called by any of the Defendants.

Plaintiffs reserve the right to cross-examine and elicit the testimony of any expert designated and/or called by any of the Defendants.

Additionally, Plaintiffs hereby incorporate by reference any expert witness designated by any other party or future party to their litigation.  Plaintiffs hereby incorporate by reference any deposition testimony, reports, and/or Affidavits of any of these expert witnesses.

Plaintiffs reserve the right to call undesignated expert witnesses whose testimony cannot be reasonably foreseen until the presentation of evidence against Plaintiffs as proper under Texas Rules of Civil Procedure. In addition, Plaintiffs reserve the right to call at trial any of the following:

Any individual who has been or will be named by any other party to this lawsuit in response to any interrogatory or request for disclosure or whose name may appear on any document which has been produced or will be produced by any party in response to a request for production or a request for disclosure;

Any individual whose name is contained in or reflected in any document which has been or will be obtained through deposition on written questions, or whose name appears in any oral deposition taken in this case including any documents produced at such depositions;

Any individual whose name is contained or reflected on any document which have been or will be submitted to the court by affidavit;

Any individual whose name is reflected in any document which has been or will be subpoenaed by any party hereto; and,

Any individual who may be called by any party hereto as a rebuttal witness.

The opinion of any witness named herein may be found in the relevant records previously produced or made available and may be elicited.


Dayna Noonan
Acadian Ambulance
130 E. Kaliste Saloom Rd.
Lafayette, LA 70508
*Treating Physician*


The custodians of records will testify as to the records kept in the ordinary course of business, which pertain to the Plaintiffs.

Exhibit 4

Plaintiffs reserve the right to cross-examine and elicit the testimony of any person with knowledge designated and/or called by any of the Defendants.

Plaintiffs reserve the right to cross-examine and elicit the testimony of any expert designated and/or called by any of the Defendants.

Additionally, Plaintiffs hereby incorporate by reference any expert witness designated by any other party or future party to their litigation.  Plaintiffs hereby incorporate by reference any deposition testimony, reports, and/or Affidavits of any of these expert witnesses.

Plaintiffs reserve the right to call undesignated expert witnesses whose testimony cannot be reasonably foreseen until the presentation of evidence against Plaintiffs as proper under Texas Rules of Civil Procedure. In addition, Plaintiffs reserve the right to call at trial any of the following:

Any individual who has been or will be named by any other party to this lawsuit in response to any interrogatory or request for disclosure or whose name may appear on any document which has been produced or will be produced by any party in response to a request for production or a request for disclosure;

Any individual whose name is contained in or reflected in any document which has been or will be obtained through deposition on written questions, or whose name appears in any oral deposition taken in this case including any documents produced at such depositions;

Any individual whose name is contained or reflected on any document which have been or will be submitted to the court by affidavit;

Any individual whose name is reflected in any document which has been or will be subpoenaed by any party hereto; and,

Any individual who may be called by any party hereto as a rebuttal witness.

The opinion of any witness named herein may be found in the relevant records previously produced or made available and may be elicited.


Brent Mainwaring, MD
The ODC
3405 College St.
Beaumont, TX 77701
*Treating Physician*


The custodians of records will testify as to the records kept in the ordinary course of business, which pertain to the Plaintiffs.

Exhibit 4

Plaintiffs reserve the right to cross-examine and elicit the testimony of any person with knowledge designated and/or called by any of the Defendants.

Plaintiffs reserve the right to cross-examine and elicit the testimony of any expert designated and/or called by any of the Defendants.

Additionally, Plaintiffs hereby incorporate by reference any expert witness designated by any other party or future party to their litigation.  Plaintiffs hereby incorporate by reference any deposition testimony, reports, and/or Affidavits of any of these expert witnesses.

Plaintiffs reserve the right to call undesignated expert witnesses whose testimony cannot be reasonably foreseen until the presentation of evidence against Plaintiffs as proper under Texas Rules of Civil Procedure. In addition, Plaintiffs reserve the right to call at trial any of the following:

Any individual who has been or will be named by any other party to this lawsuit in response to any interrogatory or request for disclosure or whose name may appear on any document which has been produced or will be produced by any party in response to a request for production or a request for disclosure;

Any individual whose name is contained in or reflected in any document which has been or will be obtained through deposition on written questions, or whose name appears in any oral deposition taken in this case including any documents produced at such depositions;

Any individual whose name is contained or reflected on any document which have been or will be submitted to the court by affidavit;

Any individual whose name is reflected in any document which has been or will be subpoenaed by any party hereto; and,

Any individual who may be called by any party hereto as a rebuttal witness.

The opinion of any witness named herein may be found in the relevant records previously produced or made available and may be elicited.


David Singleton, MD
Catalyst Medical Suites
6025 Metropolitan Dr. Suite 200
Beaumont, TX 77706
*Treating Physician*


The custodians of records will testify as to the records kept in the ordinary course of business, which pertain to the Plaintiffs.

Exhibit 4

Plaintiffs reserve the right to cross-examine and elicit the testimony of any person with knowledge designated and/or called by any of the Defendants.

Plaintiffs reserve the right to cross-examine and elicit the testimony of any expert designated and/or called by any of the Defendants.

Additionally, Plaintiffs hereby incorporate by reference any expert witness designated by any other party or future party to their litigation.  Plaintiffs hereby incorporate by reference any deposition testimony, reports, and/or Affidavits of any of these expert witnesses.

Plaintiffs reserve the right to call undesignated expert witnesses whose testimony cannot be reasonably foreseen until the presentation of evidence against Plaintiffs as proper under Texas Rules of Civil Procedure. In addition, Plaintiffs reserve the right to call at trial any of the following:

Any individual who has been or will be named by any other party to this lawsuit in response to any interrogatory or request for disclosure or whose name may appear on any document which has been produced or will be produced by any party in response to a request for production or a request for disclosure;

Any individual whose name is contained in or reflected in any document which has been or will be obtained through deposition on written questions, or whose name appears in any oral deposition taken in this case including any documents produced at such depositions;

Any individual whose name is contained or reflected on any document which have been or will be submitted to the court by affidavit;

Any individual whose name is reflected in any document which has been or will be subpoenaed by any party hereto; and,

Any individual who may be called by any party hereto as a rebuttal witness.

The opinion of any witness named herein may be found in the relevant records previously produced or made available and may be elicited.

Robert Mchugh
The Medical Center of Southeast Tx
2555 Jimmy Johnson Blvd,
Port Arthur, TX 77641
*Treating Physician*

The custodians of records will testify as to the records kept in the ordinary course of business, which pertain to the Plaintiffs.

Exhibit 4

Plaintiffs reserve the right to cross-examine and elicit the testimony of any person with knowledge designated and/or called by any of the Defendants.

Plaintiffs reserve the right to cross-examine and elicit the testimony of any expert designated and/or called by any of the Defendants.

Additionally, Plaintiffs hereby incorporate by reference any expert witness designated by any other party or future party to their litigation.  Plaintiffs hereby incorporate by reference any deposition testimony, reports, and/or Affidavits of any of these expert witnesses.

Plaintiffs reserve the right to call undesignated expert witnesses whose testimony cannot be reasonably foreseen until the presentation of evidence against Plaintiffs as proper under Texas Rules of Civil Procedure. In addition, Plaintiffs reserve the right to call at trial any of the following:

Any individual who has been or will be named by any other party to this lawsuit in response to any interrogatory or request for disclosure or whose name may appear on any document which has been produced or will be produced by any party in response to a request for production or a request for disclosure;

Any individual whose name is contained in or reflected in any document which has been or will be obtained through deposition on written questions, or whose name appears in any oral deposition taken in this case including any documents produced at such depositions;

Any individual whose name is contained or reflected on any document which have been or will be submitted to the court by affidavit;

Any individual whose name is reflected in any document which has been or will be subpoenaed by any party hereto; and,

Any individual who may be called by any party hereto as a rebuttal witness.

The opinion of any witness named herein may be found in the relevant records previously produced or made available and may be elicited.

Michael Kolcun
The Medical Center of Southeast Tx
2555 Jimmy Johnson Blvd,
Port Arthur, TX 77641
*Treating Physician*

The custodians of records will testify as to the records kept in the ordinary course of business, which pertain to the Plaintiffs.

Exhibit 4

Plaintiffs reserve the right to cross-examine and elicit the testimony of any person with knowledge designated and/or called by any of the Defendants.

Plaintiffs reserve the right to cross-examine and elicit the testimony of any expert designated and/or called by any of the Defendants.

Additionally, Plaintiffs hereby incorporate by reference any expert witness designated by any other party or future party to their litigation.  Plaintiffs hereby incorporate by reference any deposition testimony, reports, and/or Affidavits of any of these expert witnesses.

Plaintiffs reserve the right to call undesignated expert witnesses whose testimony cannot be reasonably foreseen until the presentation of evidence against Plaintiffs as proper under Texas Rules of Civil Procedure. In addition, Plaintiffs reserve the right to call at trial any of the following:

Any individual who has been or will be named by any other party to this lawsuit in response to any interrogatory or request for disclosure or whose name may appear on any document which has been produced or will be produced by any party in response to a request for production or a request for disclosure;

Any individual whose name is contained in or reflected in any document which has been or will be obtained through deposition on written questions, or whose name appears in any oral deposition taken in this case including any documents produced at such depositions;

Any individual whose name is contained or reflected on any document which have been or will be submitted to the court by affidavit;

Any individual whose name is reflected in any document which has been or will be subpoenaed by any party hereto; and,

Any individual who may be called by any party hereto as a rebuttal witness.

The opinion of any witness named herein may be found in the relevant records previously produced or made available and may be elicited.


Michael Thomas, MD
Southeast Texas Medical Associates
2010 Dowlen Rd.
Beaumont, TX 77706
*Treating Physician*


The custodians of records will testify as to the records kept in the ordinary course of business, which pertain to the Plaintiffs.

Exhibit 4

**Plaintiffs reserve the right to cross-examine and elicit the testimony of any person with knowledge designated and/or called by any of the Defendants.**

**Plaintiffs reserve the right to cross-examine and elicit the testimony of any expert designated and/or called by any of the Defendants.**

**Additionally, Plaintiffs hereby incorporate by reference any expert witness designated by any other party or future party to their litigation. Plaintiffs hereby incorporate by reference any deposition testimony, reports, and/or Affidavits of any of these expert witnesses.**

**Plaintiffs reserve the right to call undesignated expert witnesses whose testimony cannot be reasonably foreseen until the presentation of evidence against Plaintiffs as proper under Texas Rules of Civil Procedure. In addition, Plaintiffs reserve the right to call at trial any of the following:**

**Any individual who has been or will be named by any other party to this lawsuit in response to any interrogatory or request for disclosure or whose name may appear on any document which has been produced or will be produced by any party in response to a request for production or a request for disclosure;**

**Any individual whose name is contained in or reflected in any document which has been or will be obtained through deposition on written questions, or whose name appears in any oral deposition taken in this case including any documents produced at such depositions;**

**Any individual whose name is contained or reflected on any document which have been or will be submitted to the court by affidavit;**

**Any individual whose name is reflected in any document which has been or will be subpoenaed by any party hereto; and,**

**Any individual who may be called by any party hereto as a rebuttal witness.**

**The opinion of any witness named herein may be found in the relevant records previously produced or made available and may be elicited.**

(f)     for any testifying expert:

    (1)     the expert's name, address, and telephone number;

    (2)     the subject matter on which the expert will testify;

    (3)     the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the Defendant, documents reflecting such information.

    (4)     if the expert is retained by, employed by, or otherwise subject to the control of the Defendant;

**Exhibit 4**

(A)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

(B)    the expert's current resume and bibliography

**RESPONSE:**

**Kevin Gilbert**
**Acadian Ambulance**
**130 E. Kaliste Saloom Rd.**
**Lafayette, LA 70508**
*Treating Physician*

This medical provider will testify regarding the injuries sustained by Plaintiff, the cause of those injuries, and the medical treatment provided to treat those injuries.  This medical provider has further knowledge regarding the medical bills, both past and future, including those bills and treatments made necessary as a result of this incident, and the usual and customary charges for the same or similar services in the area in which they were rendered.  This medical provider will also testify to the Plaintiff's injuries, damages, physical impairment, physical disfigurement, and impaired physical capacity with limitations as a result of the injuries.  This treater will opine as to some or all of the bills that were paid and/or incurred, including those identified in these already-produced records and in the chart of medical bills on this disclosure response.

This medical provider has knowledge regarding the injuries sustained by Plaintiff, the cause of those injuries, and the medical treatment provided to treat those injuries.  This medical provider has further knowledge regarding the medical bills, both past and future, including those bills and treatments made necessary as a result of this incident, and the usual and customary charges for the same or similar services in the area in which they were rendered.  This medical provider will also testify to the Plaintiff's injuries, damages, physical impairment, physical disfigurement, and impaired physical capacity with limitations as a result of the injuries.  This treater will opine as to some or all of the bills that were paid and/or incurred, including those identified in these already-produced records and in the chart of medical bills on this disclosure response.

This medical provider is not retained by, employed by, or otherwise subject to the control of the responding party.  Accordingly, Plaintiff has not only produced Plaintiff's medical records in this case (including those of this provider), Plaintiff will also provide a fully executed HIPPA authorization giving Defendant full access to same.  Additionally, Plaintiff offers Defendant an opportunity to inspect and copy these medical records at his law offices at 350 Pine Street, Suite 1440, Beaumont, Texas 77701 at a mutually convenient time.  This treater will opine as to some or all of the bills that were paid and/or incurred, including those identified in these already-produced records and in the chart of medical bills on this disclosure response.

**Dayna Noonan**
**Acadian Ambulance**

Exhibit 4

**130 E. Kaliste Saloom Rd.**
**Lafayette, LA 70508**
*Treating Physician*

This medical provider will testify regarding the injuries sustained by Plaintiff, the cause of those injuries, and the medical treatment provided to treat those injuries. This medical provider has further knowledge regarding the medical bills, both past and future, including those bills and treatments made necessary as a result of this incident, and the usual and customary charges for the same or similar services in the area in which they were rendered. This medical provider will also testify to the Plaintiff's injuries, damages, physical impairment, physical disfigurement, and impaired physical capacity with limitations as a result of the injuries. This treater will opine as to some or all of the bills that were paid and/or incurred, including those identified in these already-produced records and in the chart of medical bills on this disclosure response.

This medical provider has knowledge regarding the injuries sustained by Plaintiff, the cause of those injuries, and the medical treatment provided to treat those injuries. This medical provider has further knowledge regarding the medical bills, both past and future, including those bills and treatments made necessary as a result of this incident, and the usual and customary charges for the same or similar services in the area in which they were rendered. This medical provider will also testify to the Plaintiff's injuries, damages, physical impairment, physical disfigurement, and impaired physical capacity with limitations as a result of the injuries. This treater will opine as to some or all of the bills that were paid and/or incurred, including those identified in these already-produced records and in the chart of medical bills on this disclosure response.

This medical provider is not retained by, employed by, or otherwise subject to the control of the responding party. Accordingly, Plaintiff has not only produced Plaintiff's medical records in this case (including those of this provider), Plaintiff will also provide a fully executed HIPPA authorization giving Defendant full access to same. Additionally, Plaintiff offers Defendant an opportunity to inspect and copy these medical records at his law offices at 350 Pine Street, Suite 1440, Beaumont, Texas 77701 at a mutually convenient time. This treater will opine as to some or all of the bills that were paid and/or incurred, including those identified in these already-produced records and in the chart of medical bills on this disclosure response.

**Brent Mainwaring, MD**
**The ODC**
**3405 College St.**
**Beaumont, TX 77701**
*Treating Physician*

This medical provider will testify regarding the injuries sustained by Plaintiff, the cause of those injuries, and the medical treatment provided to treat those injuries. This medical provider has further knowledge regarding the medical bills, both past and future, including those bills and treatments made necessary as a result of this incident, and the usual and

**Exhibit 4**

customary charges for the same or similar services in the area in which they were rendered. This medical provider will also testify to the Plaintiff's injuries, damages, physical impairment, physical disfigurement, and impaired physical capacity with limitations as a result of the injuries. This treater will opine as to some or all of the bills that were paid and/or incurred, including those identified in these already-produced records and in the chart of medical bills on this disclosure response.

This medical provider has knowledge regarding the injuries sustained by Plaintiff, the cause of those injuries, and the medical treatment provided to treat those injuries. This medical provider has further knowledge regarding the medical bills, both past and future, including those bills and treatments made necessary as a result of this incident, and the usual and customary charges for the same or similar services in the area in which they were rendered. This medical provider will also testify to the Plaintiff's injuries, damages, physical impairment, physical disfigurement, and impaired physical capacity with limitations as a result of the injuries. This treater will opine as to some or all of the bills that were paid and/or incurred, including those identified in these already-produced records and in the chart of medical bills on this disclosure response.

This medical provider is not retained by, employed by, or otherwise subject to the control of the responding party. Accordingly, Plaintiff has not only produced Plaintiff's medical records in this case (including those of this provider), Plaintiff will also provide a fully executed HIPPA authorization giving Defendant full access to same. Additionally, Plaintiff offers Defendant an opportunity to inspect and copy these medical records at his law offices at 350 Pine Street, Suite 1440, Beaumont, Texas 77701 at a mutually convenient time. This treater will opine as to some or all of the bills that were paid and/or incurred, including those identified in these already-produced records and in the chart of medical bills on this disclosure response.

David Singleton, MD
Catalyst Medical Suites
6025 Metropolitan Dr. Suite 200
Beaumont, TX 77706
*Treating Physician*

This medical provider will testify regarding the injuries sustained by Plaintiff, the cause of those injuries, and the medical treatment provided to treat those injuries. This medical provider has further knowledge regarding the medical bills, both past and future, including those bills and treatments made necessary as a result of this incident, and the usual and customary charges for the same or similar services in the area in which they were rendered. This medical provider will also testify to the Plaintiff's injuries, damages, physical impairment, physical disfigurement, and impaired physical capacity with limitations as a result of the injuries. This treater will opine as to some or all of the bills that were paid and/or incurred, including those identified in these already-produced records and in the chart of medical bills on this disclosure response.

This medical provider has knowledge regarding the injuries sustained by Plaintiff, the

Exhibit 4

cause of those injuries, and the medical treatment provided to treat those injuries.  This medical provider has further knowledge regarding the medical bills, both past and future, including those bills and treatments made necessary as a result of this incident, and the usual and customary charges for the same or similar services in the area in which they were rendered.  This medical provider will also testify to the Plaintiff's injuries, damages, physical impairment, physical disfigurement, and impaired physical capacity with limitations as a result of the injuries.  This treater will opine as to some or all of the bills that were paid and/or incurred, including those identified in these already-produced records and in the chart of medical bills on this disclosure response.

This medical provider is not retained by, employed by, or otherwise subject to the control of the responding party.  Accordingly, Plaintiff has not only produced Plaintiff's medical records in this case (including those of this provider), Plaintiff will also provide a fully executed HIPPA authorization giving Defendant full access to same.  Additionally, Plaintiff offers Defendant an opportunity to inspect and copy these medical records at his law offices at 350 Pine Street, Suite 1440, Beaumont, Texas 77701 at a mutually convenient time.  This treater will opine as to some or all of the bills that were paid and/or incurred, including those identified in these already-produced records and in the chart of medical bills on this disclosure response.

Robert Mchugh
The Medical Center of Southeast Tx
2555 Jimmy Johnson Blvd,
Port Arthur, TX 77641
*Treating Physician*

This medical provider will testify regarding the injuries sustained by Plaintiff, the cause of those injuries, and the medical treatment provided to treat those injuries.  This medical provider has further knowledge regarding the medical bills, both past and future, including those bills and treatments made necessary as a result of this incident, and the usual and customary charges for the same or similar services in the area in which they were rendered.  This medical provider will also testify to the Plaintiff's injuries, damages, physical impairment, physical disfigurement, and impaired physical capacity with limitations as a result of the injuries.  This treater will opine as to some or all of the bills that were paid and/or incurred, including those identified in these already-produced records and in the chart of medical bills on this disclosure response.

This medical provider has knowledge regarding the injuries sustained by Plaintiff, the cause of those injuries, and the medical treatment provided to treat those injuries.  This medical provider has further knowledge regarding the medical bills, both past and future, including those bills and treatments made necessary as a result of this incident, and the usual and customary charges for the same or similar services in the area in which they were rendered.  This medical provider will also testify to the Plaintiff's injuries, damages, physical impairment, physical disfigurement, and impaired physical capacity with limitations as a result of the injuries.  This treater will opine as to some or all of the bills that were paid and/or incurred, including those identified in these already-produced

Exhibit 4

records and in the chart of medical bills on this disclosure response.

This medical provider is not retained by, employed by, or otherwise subject to the control of the responding party.  Accordingly, Plaintiff has not only produced Plaintiff's medical records in this case (including those of this provider), Plaintiff will also provide a fully executed HIPPA authorization giving Defendant full access to same.  Additionally, Plaintiff offers Defendant an opportunity to inspect and copy these medical records at his law offices at 350 Pine Street, Suite 1440, Beaumont, Texas 77701 at a mutually convenient time.  This treater will opine as to some or all of the bills that were paid and/or incurred, including those identified in these already-produced records and in the chart of medical bills on this disclosure response.

**Michael Kolcun**
**The Medical Center of Southeast Tx**
**2555 Jimmy Johnson Blvd,**
**Port Arthur, TX 77641**
*Treating Physician*

This medical provider will testify regarding the injuries sustained by Plaintiff, the cause of those injuries, and the medical treatment provided to treat those injuries.  This medical provider has further knowledge regarding the medical bills, both past and future, including those bills and treatments made necessary as a result of this incident, and the usual and customary charges for the same or similar services in the area in which they were rendered. This medical provider will also testify to the Plaintiff's injuries, damages, physical impairment, physical disfigurement, and impaired physical capacity with limitations as a result of the injuries.  This treater will opine as to some or all of the bills that were paid and/or incurred, including those identified in these already-produced records and in the chart of medical bills on this disclosure response.

This medical provider has knowledge regarding the injuries sustained by Plaintiff, the cause of those injuries, and the medical treatment provided to treat those injuries.  This medical provider has further knowledge regarding the medical bills, both past and future, including those bills and treatments made necessary as a result of this incident, and the usual and customary charges for the same or similar services in the area in which they were rendered.  This medical provider will also testify to the Plaintiff's injuries, damages, physical impairment, physical disfigurement, and impaired physical capacity with limitations as a result of the injuries.  This treater will opine as to some or all of the bills that were paid and/or incurred, including those identified in these already-produced records and in the chart of medical bills on this disclosure response.

This medical provider is not retained by, employed by, or otherwise subject to the control of the responding party.  Accordingly, Plaintiff has not only produced Plaintiff's medical records in this case (including those of this provider), Plaintiff will also provide a fully executed HIPPA authorization giving Defendant full access to same.  Additionally, Plaintiff offers Defendant an opportunity to inspect and copy these medical records at his law offices at 350 Pine Street, Suite 1440, Beaumont, Texas 77701 at a mutually convenient time.  This

Exhibit 4

treater will opine as to some or all of the bills that were paid and/or incurred, including those identified in these already-produced records and in the chart of medical bills on this disclosure response.

**Michael Thomas, MD**
**Southeast Texas Medical Associates**
**2010 Dowlen Rd.**
**Beaumont, TX 77706**
*Treating Physician*

This medical provider will testify regarding the injuries sustained by Plaintiff, the cause of those injuries, and the medical treatment provided to treat those injuries.  This medical provider has further knowledge regarding the medical bills, both past and future, including those bills and treatments made necessary as a result of this incident, and the usual and customary charges for the same or similar services in the area in which they were rendered.  This medical provider will also testify to the Plaintiff's injuries, damages, physical impairment, physical disfigurement, and impaired physical capacity with limitations as a result of the injuries.  This treater will opine as to some or all of the bills that were paid and/or incurred, including those identified in these already-produced records and in the chart of medical bills on this disclosure response.

This medical provider has knowledge regarding the injuries sustained by Plaintiff, the cause of those injuries, and the medical treatment provided to treat those injuries.  This medical provider has further knowledge regarding the medical bills, both past and future, including those bills and treatments made necessary as a result of this incident, and the usual and customary charges for the same or similar services in the area in which they were rendered.  This medical provider will also testify to the Plaintiff's injuries, damages, physical impairment, physical disfigurement, and impaired physical capacity with limitations as a result of the injuries.  This treater will opine as to some or all of the bills that were paid and/or incurred, including those identified in these already-produced records and in the chart of medical bills on this disclosure response.

This medical provider is not retained by, employed by, or otherwise subject to the control of the responding party.  Accordingly, Plaintiff has not only produced Plaintiff's medical records in this case (including those of this provider), Plaintiff will also provide a fully executed HIPPA authorization giving Defendant full access to same.  Additionally, Plaintiff offers Defendant an opportunity to inspect and copy these medical records at his law offices at 350 Pine Street, Suite 1440, Beaumont, Texas 77701 at a mutually convenient time.  This treater will opine as to some or all of the bills that were paid and/or incurred, including those identified in these already-produced records and in the chart of medical bills on this disclosure response.

(g)     any discoverable indemnity and insuring agreements;

**RESPONSE:**

**Exhibit 4**

**Plaintiff is not in possession, custody or control of documents responsive to this request. Plaintiff reserves the right to supplement this request, if necessary, as discovery in this matter is ongoing.**

(h)     any discoverable settlement agreements;

**RESPONSE:**

**Plaintiff is not in possession, custody or control of documents responsive to this request. Plaintiff reserves the right to supplement this request, if necessary, as discovery in this matter is ongoing.**

(i)     any discoverable witness statements;

**RESPONSE:**

**Plaintiff is not in possession, custody or control of documents responsive to this request. Plaintiff reserves the right to supplement this request, if necessary, as discovery in this matter is ongoing.**

(j)     all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

**RESPONSE:**

**See attached, Williams00001-00202. Additionally, Plaintiff will provide an executed medical authorization to Defendant in response to request. Plaintiff reserves the right to supplement this request, if necessary, as discovery in this matter is ongoing. Please see all medical records, medical bills, and my fully executed authorization, produced or made available to you. Finally, Plaintiff tenders responsive documents for inspection and copying at a mutually convenient time at the undersigned law offices.**

(k)     all medical records and bills obtained by the Defendant by virtue of any authorization furnished by the Plaintiff.

**RESPONSE:**

**Plaintiff is not in possession, custody or control of documents responsive to this request. Plaintiff reserves the right to supplement this request, if necessary, as discovery in this matter is ongoing.**

(l)     the name, address, and telephone number of any person who maybe designed as a responsible third party.

Exhibit 4

**RESPONSE:**

**None known to Plaintiff at this time. Plaintiff reserves the right to supplement this request, if necessary, as discovery in this matter is ongoing.**

Exhibit 4

CAUSE NO. 0133253

| | | |
|---|---|---|
| GENEVIEVE WILLIAMS | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| | § | |
| MID-JEFFERSON EXTENDED | § | |
| CARE HOSPITAL, L.L.C. | § | AT LAW NO. 1 |

## DEFENDANT MID-JEFFERSON EXTENDED CARE HOSPITAL L.L.C.'S
## NOTICE OF FILING NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, Mid-Jefferson Extended Care Hospital, L.L.C., and pursuant to

28 U.S.C. §1446(d) gives notice that it has filed with the United States District Court for the

Eastern District of Texas, Beaumont Division, a Notice or Removal of this cause to that Court. A

copy of that Notice of Removal (without its Exhibits) is attached hereto as Exhibit A. A copy of

that Notice of Removal has been duly served on counsel for Plaintiff.

Respectfully submitted,

**ROBBINS TRAVIS PLLC**


By:  /s/ Susan J. Travis_____
        Susan J. Travis
        State Bar No. 20194750

2485 E. Southlake Blvd., Suite 160
Southlake, TX 76092
(817) 918-2300 Telephone
(817) 458-0414 Facsimile
sjt@robbinstravis.com

**COUNSEL FOR DEFENDANT**
**MID-JEFFERSON EXTENDED CARE**
**HOSPITAL, L.L.C.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the following counsel in the following manner this **15th day of March, 2021**:

**VIA E-FILING**
Mark C. Sparks
The Ferguson Law Firm, L.L.P.
350 Pine Street, Ste. 1440
Beaumont, TX  77701
mark@thefergusonlawfirm.com

_/s/ Susan J. Travis_____
Susan J. Travis

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Genevieve Williams

## DEFENDANTS

Mid-Jefferson Extended Care Hospital, L.L.C.

**(b)** County of Residence of First Listed Plaintiff   Orange County, TX
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   East Baton Rouge, LA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mark C. Sparks & Layne Walker, Jr., The Ferguson Law
Firm, L.L.P., 350 Pine Street, Ste. 1440, Beaumont, TX
77701. Telephone: (409) 832-9700

Attorneys *(If Known)*
Susan J. Travis & Lincoln A. Floyd, Robbins Travis PLLC,
2485 E. Southlake Blvd., Suite 160, Southlake, TX 76092,
Telephone (817) 918-2300

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | ☐ 690 Other | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability | PERSONAL PROPERTY | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☒ 195 Contract Product Liability | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332
Brief description of cause:
Premises Liability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   3/15/2021

SIGNATURE OF ATTORNEY OF RECORD
*Susan J Travis*

## FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

**Exhibit 6**

IN IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| GENEVIEVE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil No. _____ |
| | ) | |
| MID-JEFFERSON EXTENDED | ) | |
| CARE HOSPITAL, L.L.C. | ) | |
| | ) | |
| Defendant. | ) | |

## EXHIBIT 7 TO NOTICE OF REMOVAL

Pursuant to Local Rule CV-81, Mid- Jefferson Extended Care Hospital, L.L.C. provides

this list of parties in the case, status of the case, and list of attorneys involved in the action.

**List of Parties:**

- Plaintiff: Genevieve Williams
- Defendant: Mid-Jefferson Extended Care Hospital, L.L.C.

**Current Status:**

This case was filed in the County Court at Law #1 in Jefferson County, Texas on January

23, 2019, and defendant was served on November 25, 2020. All claims in Plaintiff's Original

Petition as well as the Affirmative Defense pleaded by Defendant are still pending at the time of

removal.

## List of Attorneys

| **Attorneys for Defendant Mid-Jefferson Extended Care Hospital, L.L.C.** | **Attorneys for Plaintiff Genevieve Williams** |
| --- | --- |
| Susan J. Travis<br>State Bar No. 20194750<br>2485 E. Southlake Blvd., Suite 160<br>Southlake, TX 76092<br>(817) 918-2300 Telephone<br>(817) 458-0414 Fax<br>sjt@robbinstravis.com | Mark C. Sparks<br>State Bar No. 24000273<br>The Ferguson Law Firm, L.L.P.<br>350 Pine Street, Ste. 1440<br>Beaumont, TX  77701<br>(409) 832-9700 Telephone<br>(409) 832-9708 Fax<br>mark@thefergusonlawfirm.com |
| Lincoln A. Floyd<br>State Bar No. 24118386<br>2485 E. Southlake Blvd., Suite 160<br>Southlake, TX 76092<br>(817) 918-2300 Telephone<br>(817) 458-0414 Fax<br>laf@robbinstravis.com | Layne Walker, Jr.<br>State Bar No. 24118580<br>The Ferguson Law Firm, L.L.P.<br>350 Pine Street, Ste. 1440<br>Beaumont, TX  77701<br>(409) 832-9700 Telephone<br>(409) 832-9708 Fax<br>lwalker@thefergusonlawfirm.com |

**Jury Trial Requests:**

Defendant Mid-Jefferson Extended Care Hospital, L.L.C. is the only party to demand a jury trial. *See* Jury Demand filed contemporaneously herewith.

**Name and Address of Court from Which This Case Was Removed:**

County Court at Law #1
Honorable Gerald W. Eddins
1149 Pearl St., # 202
Beaumont, TX 77701

Respectfully submitted,

**ROBBINS TRAVIS PLLC**

By:  /s/ Susan J. Travis
        Susan J. Travis
        State Bar No. 20194750

2485 E. Southlake Blvd., Suite 160
Southlake, TX 76092
(817) 918-2300 Telephone
(817) 458-0414 Facsimile
sjt@robbinstravis.com

**COUNSEL FOR DEFENDANT**
**MID-JEFFERSON EXTENDED CARE**
**HOSPITAL, L.L.C.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served upon the following counsel in the following manner this **15th day of March, 2021**:

<u>**VIA E-FILING**</u>
Mark C. Sparks
The Ferguson Law Firm, L.L.P.
350 Pine Street, Ste. 1440
Beaumont, TX  77701
mark@thefergusonlawfirm.com

                      /s/ Susan J. Travis
                     Susan J. Travis

 **CT Corporation**

**Service of Process Transmittal**
11/25/2020
CT Log Number 538654495

TO:   Alexander Leslie Blondeau Jr
      Mid-Jefferson Extended Care Hospital, L.L.C.
      10124 Jefferson Hwy
      Baton Rouge, LA 70809-2725

RE:   **Process Served in Texas**

FOR:  Mid-Jefferson Extended Care Hospital, L.L.C.  (Domestic State: LA)
      *According to our records representation services for this entity have been discontinued in this jurisdiction.*

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | GENEVIEVE WILLIAMS, PLTF. vs. MID-JEFFERSON EXTENDED CARE HOSPITAL, L.L.C., DFT. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | JEFFERSON COUNTY - COUNTY COURT, TX<br>Case # 0133253 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/25/2020 postmarked on 11/23/2020 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Charlotte Foutz-Rogers<br>THE FERGUSON LAW FIRM, L.L.P.<br>350 Pine Street, Ste. 1440<br>Beaumont, TX 77701<br>409-832-9700 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780115473732 |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>8020 Excelsior Dr Ste 200<br>Madison, WI 53717-1998 |
| **For Questions:** | 877-467-3525<br>SmallBusinessTeam@wolterskluwer.com |

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| RETURN, PETITION, ATTACHMENT | By Certified Mail on 01/29/2019 postmarked on 01/25/2019 | Alexander Leslie Blondeau Jr<br>Mid-Jefferson Extended Care<br>Hospital, L.L.C. | 534821564 |

Page 1 of  1 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Exhibit 8

CERTIFIED MAIL

CERTIFIED MAIL

stamps.com

★ 1-UP Laser Form ★
★USA CMF - 13-L 10/19★

UN TX 773

2 L



$6.900
US POSTAGE
FIRST-CLASS
FROM 77707
11/23/2020

stamps
endicia

9414 7118 9956 4114 9452 28

MID-JEFFERSON EXTENDED CARE HOSPITAL LLC

C/O CT CORPORATION

1999 BRYAN STREET SUITE 900

DALLAS TX 75201-3140



75201-314025



Exhibit 8

# THE STATE OF TEXAS

Carolyn L. Guidry
1/23/2019 11:38 AM
COUNTY CLERK
JEFFERSON COUNTY
0133253

1/23/2020

TO: MID-JEFFERSON EXTENDED CARE HOSPITAL LLC
    C/O CT CORPORATION SYSTEM, 1999 BRYAN ST, STE 900
    DALLAS, TX 75201-0000

NOTICE:

 You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served citation and petition, a default judgment may be taken against you.

 Said answer may be filed by mailing same to: CAROLYN L. GUIDRY, Jefferson County Clerk, P.O. Box 1151, Beaumont, Texas 77704, or by bringing it to the office located at 1085 Pearl St., Beaumont, Texas 77701, on the first floor of the new annex.

 The case is presently pending in the County Court at Law #1, located at 1149 Pearl St. 2nd floor, Beaumont, Texas 77701, and was filed in said Court on 01/23/19, and numbered 0133253 on the docket.

  GENEVIEVE WILLIAMS
  VS
  MID-JEFFERSON EXTENDED CARE
  HOSPITAL, L.L.C.

The name and address of attorney for plaintiff (otherwise the address of plaintiff) is:
  ROGERS, CHARLOTTE FOUTZ
  350 PINE STREET, STE 1440
  BEAUMONT, TX 77701-0000
  409-832-9700

 The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's _____ Original Petition _____

accompanying this citation and made a part hereof.

 The officer executing this writ shall promptly service the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

 Issued and given under my hand and seal of said Court at Beaumont, Texas, this 01/23/19.

    CAROLYN L. GUIDRY
    County Court of Jefferson County at Law #1
    OFFICE COPY

    By _____
      (DENISE TAYLOR) Deputy

    CLERK NOTE: PRECINCT 1-CM/RRR

# DO NOT DUPLICATE

**OFFICER OR AUTHORIZED PERSON'S RETURN**

 Came to hand on _____ day of _____, 20____, at _____ o'clock ___.M. and executed in _____ County, Texas by delivery to the with-in-named defendant in person a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying true and correct copy of the Plaintiff's petition, at the following time and place to-wit:

| Name | Address Where Served | Date | Time |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

  FOR RULE 106 SERVICE: State person served or manner of service

FEE $ _____

_____   Sheriff or Constable
Signature of Authorized Person (Other
than Sheriff or Constable)      _____ County, Texas

CITATION       By _____, Deputy DT

Exhibit 8

FILED FOR RECORD
Carolyn L. Guidry
1/23/2019 10:25 AM
COUNTY CLERK
JEFFERSON COUNTY
0133253

CAUSE NO. 0133253

| | | |
|---|---|---|
| GENEVIEVE WILLIAMS | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| | § | |
| MID-JEFFERSON EXTENDED | § | |
| CARE HOSPITAL, L.L.C. | § | AT LAW NO. 1 |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, **GENEVIEVE WILLIAMS** ("Plaintiff"), and would file her Original Petition over and against **MID-JEFFERSON EXTENDED CARE HOSPITAL, L.L.C.** ("Defendant"). In support thereof, Plaintiff would show as follows:

**1.**

Plaintiff intends discovery to be conducted pursuant to Level 3, as set forth and governed by the Texas Rules of Civil Procedure.

**2.**

Your Plaintiff is a resident of Texas.

Upon information and belief, Defendant **MID-JEFFERSON EXTENDED CARE HOSPITAL, L.L.C.** is a limited liability company formed in the State of Louisiana but doing constant business in the State of Texas. It may be served with process by mailing a copy of the Petition to their registered agent: CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

DT

Exhibit 8

**3.**

This Court has venue as Defendant conducts significant business in Jefferson County, Texas.  Although the amount of damages to be awarded Plaintiff for her actual damages is a matter lying within the discretion of the finder of fact, your Plaintiff would show that it is in excess of the minimum jurisdictional limits of this Court.  At this time, Plaintiff seeks less than $75,000; thus, any removal to federal court is done in bad faith.

**4.**

This suit is brought by Plaintiff for those damages to which she is entitled to recover from Defendant as a result of her personal injuries sustained on or about February 23, 2018 at Mid-Jefferson Extended Care Hospital, L.L.C. in Nederland, Texas.  At all times material hereto, Defendant owned, controlled, and/or operated the premises in question.

Ms. Williams entered upon said premises in response to an express or implied invitation by Defendants.  While in Mid-Jefferson Extended Care Hospital, L.L.C., Ms. Williams slipped and fell due to a dangerous condition.  This incident, and the injuries resulting therefrom, were brought about to occur and were proximately caused by the negligence of the Defendant.

**5.**

At all times mentioned herein, Defendant had such control over the premises in question and Defendant owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

Said Defendant and/or its agents, servants and employees negligently, willfully, and/or knowingly permitted the area in question to become dangerous; negligently, willfully, and/or knowingly allowed such condition to continue; and negligently willfully and/or

Exhibit 8

knowingly failed to warn Plaintiff of the dangerous condition.  This condition existed despite the fact that Defendant and/or its agents, servants and employees knew or should have known of the existence of the aforementioned condition and that there was a likelihood of a person being injured as occurred to Plaintiff.

Defendant furthermore had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff.  This duty includes the duty to inspect and the duty to warn or to cure.  Defendant failed to inspect, warn, and/or cure.

As a result of this accident, Plaintiff sustained severe and disabling injuries and damages, which will be set out more fully hereinafter.  This accident and the resulting injuries were brought about to occur and were proximately caused by the negligence of the Defendant.  The following acts and omissions *included, but not limited to,* below illustrate how Defendant was negligent:

a. In failing to properly inspect and maintain the area in question;

b. In failing to maintain the area in a reasonably safe condition;

c. In failing to give adequate and understandable warnings to Plaintiff of the unsafe condition;

d. In failing to discover and remove the dangerous condition within a reasonable time;

e. In failing to use the care of a reasonably prudent person under the same or similar circumstances;

f. In failing to place any warning signs; and

g. In committing various other acts and/or omissions of negligence, both statutorily and at common law, to be specified at the time of trial.

Exhibit 8

**6.**

As a result of this incident your Plaintiff has sustained the following injuries, damages and losses:

    a.  Medical and other health care related expenses, both past and future;

    b.  Physical pain and suffering, both past and future;

    c.  Mental anguish, both past and future;

    d  Physical impairment, both past and future; and

    e.  Physical disfigurement, both past and future.

In addition, Plaintiff says that if it be shown that she had a pre-existing disease or condition, thens he will show that same was neither painful or disabling and that as a result of the injuries inflicted upon her by the negligence of Defendant, Plaintiff's disease(s) or condition(s) were aggravated or incited to the extent that same became painful, disabling and proximately caused the damages described above.

Plaintiff asserts a claim for pre-judgment and post-judgment interest for all elements of damages that such interest is allowed.  Plaintiff also asserts a claim for court costs for all costs where such is allowed.

All of the above-listed elements of damages were brought about to occur and were proximately caused by the negligence of the Defendant herein.

## 7. Request for Disclosure

Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

Exhibit 8

**8.**

All conditions precedent to Plaintiff's claim for relief has been performed or has occurred.

**9. Rule 193.7 Notice**

This is given as notice to the Defendant that Plaintiff intends to use all of Defendant's discovery responses as evidence at trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

**10.**

Plaintiff fully reserves the right to amend or supplement this Petition.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein, that upon final trial hereof, the Plaintiff recover against Defendant all of Plaintiff's damages as set forth herein as well as pre-judgment and post-judgment interest at the legal and lawful rate, all costs of court, and all other and further relief, at law or in equity, to which your Plaintiff may be justly entitled.

Respectfully submitted,

**THE FERGUSON LAW FIRM, L.L.P.**

By: */S/ Charlotte Foutz-Rogers*
Cody Dishon
State Bar No. 24082113
Charlotte Foutz-Rogers
State Bar No. 24038068
350 Pine Street, Ste. 1440
Beaumont, Texas 77701
T. (409) 832-9700
F. (409) 832-9708
Email: crogers@thefergusonlawfirm.com

**ATTORNEY FOR PLAINTIFF**

Exhibit 8

FILED FOR RECORD
Carolyn L. Guidry
12/14/2020 9:23 AM
COUNTY CLERK
JEFFERSON COUNTY
0133253

CAUSE NO. 0133253

| | | |
|---|---|---|
| GENEVIEVE WILLIAMS, | § | IN THE COUNTY COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| MID-JEFFERSON EXTENDED | § | |
| CARE HOSPITAL, L.L.C., | § | |
| Defendant | § | AT LAW NO. 1 |

## ORIGINAL ANSWER OF DEFENDANT
## MID-JEFFERSON EXTENDED CARE HOSPITAL, L.L.C.

TO THE HONORABLE JUDGE OF SAID COURT:

MID-JEFFERSON EXTENDED CARE HOSPITAL, L.L.C. ("Defendant") files this Original Answer and respectfully states as follows:

### I.

### **General Denial**

Defendant denies each and every allegation contained in Plaintiff's Original Petition, and calls for strict proof thereof.

### II.

### **Affirmative Defenses**

Defensively and without waiver of the foregoing denial, Defendant asserts the following affirmative defenses:

A.    Defendant contends Plaintiff's suit is barred by the applicable statute of limitations.

Defendant reserves the right to amend its answer to assert additional defenses that may be applicable under the facts and circumstances of this case.

**Exhibit 8**

RB

WHEREFORE, Defendant MID-JEFFERSON EXTENDED CARE HOSPITAL, L.L.C. prays that Plaintiff's Original Petition and any successive Amended Original Petition be dismissed, and that Defendant be awarded its costs and such other relief as may be appropriate.

Respectfully submitted,

**ROBBINS TRAVIS PLLC**


By:  /s/ Susan J. Travis_____
        Susan J. Travis
        State Bar No. 20194750

2485 E. Southlake Blvd., Suite 160
Southlake, TX 76092
(817) 918-2300 Telephone
(817) 458-0414 Facsimile
sjt@robbinstravis.com

**COUNSEL FOR DEFENDANT**
**MID-JEFFERSON EXTENDED CARE**
**HOSPITAL, L.L.C.**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the following counsel in the following manner this **14th day of December, 2020**:

**VIA E-FILING**
Charlotte Foutz-Rogers
The Ferguson Law Firm, L.L.P.
350 Pine Street, Ste. 1440
Beaumont, TX  77701
crogers@thefergusonlawfirm.com


 /s/ Susan J. Travis_____
Susan J. Travis

Exhibit 8

FILED FOR RECORD
Carolyn L. Guidry
1/25/2021 9:55 AM
COUNTY CLERK
JEFFERSON COUNTY
0133253

## CAUSE NO. 133,253

| | | |
|---|---|---|
| GENEIEVE WILLIAMS | * | IN THE COUNTY COURT |
| VS. | * | AT LAW NO. 1, OF |
| MID-JEFFERSON HOSPITAL EXTENDED CARE HOSPITAL, LLC | * | JEFFERSON COUNTY, TEXAS |

## ORDER ON PLAINTIFF'S MOTION TO EXTEND
## TIME TO RESPOND AND OBJECT TO DISCOVERY

On this day the Court considered Plaintiff's Motion to Extend Time to Respond (and Object) to Defendant's Request for Disclosure, Requests for Production and First Set of Interrogatories, and Defendant's response, and having heard the arguments of counsel, is of the opinion that Plaintiff's motion should be GRANTED. It is, therefore,

ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for additional time to respond to Defendant's Request for Disclosure, Requests for Production and First Set of Interrogatories, is GRANTED. Additionally, it is ORDERED that Plaintiff's Motion for additional time to serve objections to Defendant's Request for Disclosure, Requests for Production and First Set of Interrogatories is GRANTED and any purported waiver of objections is set aside. Plaintiff shall have 21 days from the date this Order is signed to answer and object to said discovery.

Signed January 25, 2021.

_____
JUDGE PRESIDING

Exhibit 8

bvm

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN JEFFERSON
COUNTY CLERK'S OFFICE

CERTIFY THIS AS TRUE COPY
Witness my Hand and Seal of Office
03/11/2021
THERESA GOODNESS, COUNTY CLERK
JEFFERSON COUNTY, TEXAS

BY _____ DEPUTY
BECKY GARCIA

DOKCV          133253

DOCUMENT 93691693

# CIVIL DOCKET

## IN THE COUNTY COURT AT LAW NO. 1, JEFFERSON COUNTY, TEXAS

Cause No. **0133253**

STYLE:     GENEVIEVE WILLIAMS
           VS
           MID-JEFFERSON EXTENDED CARE
           HOSPITAL, L.L.C.

| PLAINTIFF'S ATTORNEY: | DEFENDANT'S ATTORNEY: |
|---|---|
| **ROGERS, CHARLOTTE FOUTZ** | |
| CASE TYPE: **INJURY/DAMAGE: OTHER** | |
| FILE DATE: **01/23/19** | |

| DATE | ORDERS OF THE COURT |
|---|---|
| 1.25.21 | Hrg. on Plf's Mtns. to Extend Time to Respond to Discovery. Mark Sparks for Plf. Susan Travis for Def. (CR-TD) Arguments heard. Court granted relief sought by Plf. Order granting Plf's Mtn to Extend Time to Respond & Object to Discovery signed per decree. _Gerald W Eddins_ |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | DOCKET |

**FILED FOR RECORD**

_Carolyn L. Guidry_

2021 Jan 26, 05:15 PM          **133253**

Carolyn L. Guidry, County Clerk
Jefferson County, Texas

**Exhibit 9**